IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **KAREN M. DONNELLY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| **COLLECTION BUREAU OF** | ) Division No. |
| **AMERICA, LTD.**, | ) |
| | ) |
| <u>Serve at:</u> | ) |
| **C T CORPORATION SYSTEM** | ) **JURY TRIAL DEMANDED** |
| **120 South Central Avenue** | ) |
| **Clayton, MO 63105** | ) |
| | ) |
| Defendant. | ) |

**PETITION FOR DAMAGES**

**COMES NOW** Plaintiff Karen M. Donnelly ("Plaintiff"), and for her Petition against Collection Bureau of America, Ltd. ("Defendant") states as follows:

**Introduction and Parties**

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (the "FDCPA").

2. This Court has jurisdiction over this FDCPA claim under 15 U.S.C. § 1692k(d).

3. Plaintiff is an individual who at all times material to this Petition resided in and still does reside in St. Louis County, State of Missouri. Venue is appropriate in this Court because Plaintiff resides in Saint Louis County, Missouri.

4. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3), because she is allegedly obligated to pay a consumer debt.

5. Defendant is a California corporation with its principal place of business in Hayward, California.

EXHIBIT A

6. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), because its principal business is the collection of debts, it uses interstate commerce or the mails to collect said debts, and it regularly collects or attempts to collect debts owed to other parties.

7. At all times relevant hereto, Defendant conducted substantial and continuous business with and has had substantial and continuous contacts with the State of Missouri and the County of St. Louis. Defendant continues to conduct substantial and continuous business with and still has substantial and continuous contacts with the State of Missouri and the County of St. Louis.

**Facts**

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9. Plaintiff's alleged debt is comprised of cable, phone and/or internet bill deficiencies from an account with Defendant that originated with Charter Communications. This alleged debt, if proven valid, would have arisen out of a transaction entered into primarily for personal, family, or household purposes.

10. On December 14, 2015, an agent of Defendant called Plaintiff in an attempt to collect a debt. Defendant's agent stated that she was calling from a recorded line.

11. During the call, Defendant's agent never provided the mini-Miranda warning required by 15 U.S.C. § 1692e(11) that she was debt collector, was attempting to collect a debt and that any information obtained will be used for that purpose.

12. Defendant's agent requested payment from Plaintiff. Plaintiff stated that she did not have the money in her account to make a payment. After Plaintiff made this statement, Defendant's agent solicited a post-dated payment from Plaintiff.

Electronically Filed - St Louis County - March 13, 2016 - 04:02 AM

13. Plaintiff again replied that she did not have the money to make a payment. Defendant's agent said that Plaintiff could simply make a payment on a post-dated credit card or a pre-paid debit card.

14. Defendant's agent said that if Plaintiff did not pay, then Defendant would be reporting on Plaintiff's credit that week.

15. Plaintiff asked if paying Defendant would improve her credit. Defendant's agent replied "Yes. What it's going to do is, once it's paid off in full, it will [be a] zero balance."

16. Unsure of what Defendant's agent was saying, Plaintiff again asked, "So, will it help?" Defendant's agent replied, "Yeah, it's still going to say the creditor name on there, versus if you pay it off now, it won't say the creditor name on there. It's gonna be like if you never had it before. It's gonna have nothing on there. So, if it dings it, it's gonna have the creditor name on your account on your credit report."

17. Plaintiff replied, "So if it gets to my credit, it's gonna have the creditor's name, which is gonna affect my credit report, my credit score, my credit?" Defendant's agent replied, "Right."

18. Plaintiff then said, "But then if I pay it–" and Defendant's agent continued, "–it's not gonna touch it at all." Plaintiff clarified, "No, I mean if I pay it after it goes to the credit report." Defendant's agent replied, "It will just show pay in full, zero balance." Plaintiff then asked, "Will that help my credit then?" Defendant's agent replied, "You will have to rebuild it. It's going to take a minute to build it, to clear right away."

19. Plaintiff replied, "Okay. I guess I don't un... Okay."

20. Defendant, still having not given any mini-Miranda warning, asked, "Are you able to make a $20, $30 payment on it today?"

Electronically Filed - St Louis County - March 13, 2016 - 04:02 AM

21. Plaintiff again replied that she did not have the money in her account to do that. Defendant's agent then said that she could call Plaintiff later at the end of the week, and she promised to call Plaintiff before reporting anything on her credit. She also promised to send out a letter to Plaintiff.

22. Plaintiff then asked, "If I can't pay it, and they put it on my credit report, it's gonna affect that?" Defendant's agent replied, "Yeah." Plaintiff again asked, "But if I pay it after that, then it would, you know, help my credit as far as, um–" Defendant interrupted with, "Um-hm." Plaintiff continued, "It's gonna help then?" Defendant's agent replied, "Yeah. It's gonna – what it is, you just have to rebuild it 'cause it's gonna drop it a little bit because it dings it. The creditor's on your credit report now." Plaintiff replied, "Right, but once it shows paid, then that'll help." Defendant replied, "It's gonna rebuild itself. It's gonna go back up, yeah."

23. Defendant's agent should have simply advised that she is not a credit reporting agency nor a credit expert and cannot advise how Plaintiff's credit would be impacted. Despite the claims made by Defendant's agent, it is not necessarily true that making such a payment once the negative reporting started would have helped Plaintiff's credit. These statements were made without regard to the truth to get Plaintiff to pay this bill later even if Defendant later negatively reported on Plaintiff's credit reports.

24. This whole ordeal has caused Plaintiff garden variety emotional distress in the form of frustration and anxiety, among other forms of garden variety emotional distress.

25. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the legal rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an

amount sufficient to punish Defendant and/or to deter it and others from such blatant violation of federal law in the future.

### Defendant's Violation of the FDCPA

26. Plaintiff realleges and incorporates by reference all of the previous paragraphs.

27. A single action on the part of a debt collector can violate multiple sections of the FDCPA.

28. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, including, but not limited to the following:

   a. Failing to warn that Defendant was attempting to collect a debt and that any information obtained will be used for that purpose, violating 15 U.S.C. § 1692e(11);

   b. Soliciting postdated payments on the debt in violation of 15 U.S.C. § 1692f; and

   c. Using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt in violation of 15 U.S.C § 1692e.

### Demand for Judgment

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Statutory damages, costs, litigation expenses and attorney's fees as permitted by the FDCPA, 15 U.S.C. § 1692k;

C. Release of the alleged debt;

D. Actual damages, including damages for garden variety emotional distress;

E. An award of punitive damages against Defendant; and

F. For such other relief as the Court may deem just and proper.

**<u>Demand for Jury Trial</u>**

Plaintiff requests a trial by jury, in the Associate Circuit Court of Saint Louis County, Missouri for all forms of relief requested in this Petition so triable.

        Respectfully submitted,

        **DONNER APPLEWHITE, ATTORNEYS AT LAW**

By:  */s/ Thomas R. Applewhite*
      Thomas R. Applewhite, #64437
      Steven A. Donner, #63789
      1108 Olive Street, Suite 200
      St. Louis, Missouri 63101
      Phone:     (314) 240-5351
      Facsimile:  (888) 785-4461
      Email:     tom.applewhite@da-lawfirm.com
                       steve.donner@da-lawfirm.com

      *Attorneys for Plaintiff*

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

For File Stamp Only

Karen M. Donnelly
Plaintiff/Petitioner

March 13, 2016
Date

_____
Case Number

vs.

Collection Bureau of America, Ltd.
Defendant/Respondent

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Karen M. Donnelly, by and through undersigned counsel , pursuant
                                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 David Conder         4740 Candleglow Drive, St. Louis, MO 63129        314-397-0952
Name of Process Server          Address                                    Telephone

_____
Name of Process Server          Address or in the Alternative              Telephone

_____
Name of Process Server          Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Name: R/A CT CORPORATION SYSTEM
Address: 120 South Central Avenue
City/State/Zip: Clayton, MO 63105

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
     Deputy Clerk

_____
Date

/s/ Thomas R. Applewhite
Attorney/Plaintiff/Petitioner
 64437
Bar No.
 1108 Olive St., Ste. 200, St. Louis, MO
Address
 (314) 240-5351        (888) 785-4461
Phone No.                  Fax No.

CCADM62-WS   Rev. 03/14

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM6-WS     Rev. 03/14

*Electronically Filed - St Louis County - March 14, 2016 - 04:34 PM*

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

Karen M. Donnelly
Plaintiff/Petitioner

vs.

Collection Bureau of America, Ltd.
Defendant/Respondent

Date: March 14, 2016

Case Number: 16SL-AC06677

Division: 36H

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now **Plaintiff Karen M. Donnelly, by and through undersigned counsel**, pursuant
    *Requesting Party*
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Clarence E. Randolth    327 15th Street, Oakland, California 94612    1-510-465-5815
Name of Process Server    Address    Telephone

_____    _____    _____
Name of Process Server    Address or in the Alternative    Telephone

_____    _____    _____
Name of Process Server    Address or in the Alternative    Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Name: Collection Bureau of America, Ltd.
Address: 25954 Eden Landing Road, First Floor
City/State/Zip: Hayward, California 94545-3814

SERVE:
Name:
Address:
City/State/Zip:

SERVE:
Name:
Address:
City/State/Zip:

SERVE:
Name:
Address:
City/State/Zip:

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
     Deputy Clerk

_____
Date

/s/ Thomas R. Applewhite
Attorney/Plaintiff/Petitioner
Bar No.: 64437
Address: 1108 Olive St., Ste. 200, St. Louis, MO
Phone No.: (314) 240-5351    Fax No.: (888) 785-4461

CCADM62-WS    Rev. 03/14

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM6-WS      Rev. 03/14



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. GREEN | Case Number: 16SL-AC06677 |
| Plaintiff/Petitioner:<br>KAREN M. DONNELLY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>THOMAS RICHARD APPLEWHITE<br>SUITE 200<br>1108 OLIVE STREET<br>SAINT LOUIS, MO  63101<br>(314) 240-5351 |
| Defendant/Respondent:<br>COLLECTION BUREAU OF AMERICA, LTD. | Date, Time and Location of Court Appearance:<br>**21-APR-2016, 09:00 AM** |
| Nature of Suit:<br>AC Other Tort | **COURTROOM 203,     DIV 36H<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105** |

(Date File Stamp)

## Associate Division Summons

**The State of Missouri to**:   COLLECTION BUREAU OF AMERICA, LTD.
                          **Alias:**
R/A:CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court on the date, time, and location above to answer the attached petition.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.  You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo.  Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

   **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

_____3/17/2016_____      _____
              Date                                        Clerk

**Further Information:**
   CG

### Sheriff's or Server's Return

**Note to serving officer:**  Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.
   I certify that I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
      _____ (name ) _____ (title).
   ☐ other_____.
   Served at _____ (address)
   in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
         Printed Name of Sheriff or Server                            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)   Subscribed and sworn to before me on _____ (date).
         My commission expires: _____      _____
                                       Date                                Notary Public

**Sheriff's Fees, if applicable**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
 Supplemental Surcharge          $\_\_\_\_\_10.00_____
Mileage                          $_____  (_____ miles @ $._____ per mile)
**Total**                        $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - St Louis County - March 25, 2016 - 05:16 PM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: JOSEPH L. GREEN | Case Number: 16SL-AC06677 |
| Plaintiff/Petitioner: KAREN M. DONNELLY | Plaintiff's/Petitioner's Attorney/Address: THOMAS RICHARD APPLEWHITE SUITE 200 1108 OLIVE STREET SAINT LOUIS, MO 63101 (314) 240-5351 |
| vs. | |
| Defendant/Respondent: COLLECTION BUREAU OF AMERICA, LTD. | Date, Time and Location of Court Appearance: 21-APR-2016, 09:00 AM COURTROOM 203, DIV 36H ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: AC Other Tort | |

(Date File Stamp)

## Associate Division Summons

The State of Missouri to: COLLECTION BUREAU OF AMERICA, LTD.
Alias:
R/A: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

COURT SEAL OF
ST. LOUIS COUNTY

_____3/17/2016_____                    _____[signature]_____
Date                                                    Clerk

Further Information:
CG

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ANDREA CAIRN (name) Corp Designee CT Corp (title).

☐ other _____

Served at 120 S. Central Suite 400 STL MO 63105 (address)
in ST Lus (County/City of St. Louis), MO, on 3-18-2016 (date) at 11:40 AM (time).

DAV. D Cinder                              [signature]
Printed Name of Sheriff or Server            Signature of Sheriff or Server

JANE P. CONDER
Notary Public - Notary Seal
(Seal) Missouri
Commissioned for St. Louis County
My Commission Expires: March 15, 2019
Commission Number: 15390721

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on March 25, 2016 (date).
My commission expires: 3-15-2019
Date                                      Notary Public

### Sheriff's Fees, if applicable

| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ ____ (____ miles @ $____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM20 (ADSM) For Court Use Only: Document ID# 16-ADSM-5564    1    517.041 RSMo